UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO DIAZ MARTINEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden; *et al.*,<br><br>　　　　　　　　　　　Respondents. | Case No.: 26cv3406-LL-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Alberto Diaz Martinez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return in opposition to the Petition [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. Petitioner seeks a writ of habeas corpus directing Respondents to release him or, alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). Pet. at 12-13. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Petition and orders that Petitioner be given a bond hearing.

## I.　BACKGROUND

Petitioner is a native and citizen of Nicaragua who crossed into the United States on or about June 2007. Pet. ¶ 2. Petitioner resided continuously in the United States for nearly

nineteen years, and has never been encountered by immigration authorities in that time. *Id*. ¶¶ 2, 5. Petitioner established ties within the community and maintained a stable presence in the United States. *Id*. ¶ 5. On or about April 24, 2026, Petitioner was stopped by local law enforcement in Fort Myers, Florida during a routine traffic stop and taken into immigration custody by ICE. *Id*. ¶¶ 2, 5, 10. Petitioner was subsequently transferred to the Otay Mesa Detention Center in San Diego, California, where he remains detained. *Id*. ¶ 2.

On June 4, 2026, Petitioner filed the instant Petition, claiming violations of the Immigration and Nationality Act and the Due Process Clause due to his continued detention without a custody determination. *Id*. ¶ 11.

## II.   LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process — for example, a claim of indefinite detention — federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales,* 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez,* 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048-49 (N.D. Cal. 2018) (citations omitted).

## III.   DISCUSSION

Petitioner contends the Department of Homeland Security is detaining him subject to detention under 8 U.S.C. § 1225, when he should be subject to 8 U.S.C. § 1226. Pet. ¶¶ 66-73. He also claims that having lived in the United States for almost nineteen years and being taken into custody following a routine traffic stop "not meaningfully tied to any

front-end inspection or admission purpose" without a bond hearing violates the Fifth Amendment's Due Process Clause. *Id*. ¶ 71.

Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, WL 3288403 (C.D. Cal. Nov. 25, 2025). Return at 1. Respondents state that they "do not oppose an oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id*. at 2.

Petitioner in the Traverse reiterates his request for immediate release as the appropriate remedy because "Respondents have not carried their burden of justifying ongoing detention." Traverse at 6.

Upon the Court's review of the Petition and the Traverse, Petitioner has not presented the Court with any controlling authority that supports Petitioner's request for immediate release (instead of a bond hearing) given the facts of Petitioner's case. Petitioner is a native and citizen of Nicaragua who is currently being detained by the Department of Homeland Security. Pet. ¶ 2. Petitioner entered the United States without inspection approximately nineteen years ago and has lived in the community since then. *Id.* ¶¶ 2, 5. Petitioner was detained during a traffic stop on or about April 24, 2026. *Id.* ¶ 2, 5, 10. The Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See, e.g.*, *Beltran v. Noem*, No. 25cv2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.*

Accordingly, the Court **ORDERS** as follows:

1.  Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART** as set forth below.

2.  Petitioner's request for immediate release is **DENIED WITHOUT PREJUDICE.**

3.  Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order (unless a continuance is requested by Petitioner).

    a.    At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

    b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

    c.    Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

4.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  June 22, 2026

_____

Honorable Linda Lopez
United States District Judge

4

26cv3406-LL-MSB